# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-6489 FMO (BFMx)** | Date | **August 12, 2026** |
| Title | **Katherine Olson v. Trash Panda Entertainment LLC** | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Re: Jurisdiction**

On June 15, 2026, plaintiff Katherine Olson filed this action asserting a claim for declaratory relief pursuant to 28 U.S.C. § 2201. (See Dkt. 1, Complaint). As plaintiff puts it, this action involves the "ownership" of a screenplay. (See id. at ¶ 1); (see also id. at ¶ 5) (alleging resolution of this action "requires determination of ownership"). Plaintiff alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a)[1] because this action arises under the Copyright Act, 17 U.S.C. §§ 101, et seq. and also because relief is sought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (See id. at ¶ 5).

As an initial matter, the Declaratory Judgment Act itself "does not confer [subject matter] jurisdiction[.]" Countrywide Home Loans, Inc. v. Mortgage Guaranty Ins. Corp., 642 F.3d 849, 853 (9th Cir. 2011). It "confers remedial power, not federal subject matter jurisdiction, and thus actions for declaratory relief must independently satisfy the requirements of diversity or federal question jurisdiction." Travelers Casualty Ins. Co. of America v. LMID, Inc., 2024 WL 4868265, *2 (C.D. Cal. 2024).

With respect to the Copyright Act, (see Dkt. 1, Complaint at ¶ 5), plaintiff simply alleges that this action involves the ownership of a screenplay. (See id. at ¶¶ 1, 5). However, "it is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); (see also id. at 986) (setting forth test for determining whether court has subject matter jurisdiction). In other words, a case does not arise under federal copyright law "where ownership of the copyright is the sole question for consideration." Calicraft Distributors, LLC v. Castro, 2015 WL 1789014, *4 (C.D. Cal. 2015).

Because the Complaint does not appear to demonstrate that the court has subject matter jurisdiction over this action, IT IS ORDERED THAT no later than **August 26, 2026**, plaintiff shall

[1] Section 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights[.]" 28 U.S.C. § 1338(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 26-6489 FMO (BFMx)** | Date | **August 12, 2026** |
| Title | **Katherine Olson v. Trash Panda Entertainment LLC** | | |

show cause in writing why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. **Failure to submit a response by the deadline set forth above may be deemed as consent to dismissal of the action without prejudice**.

00 : 00

Initials of Preparer vdr